J-S65045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN THOMAS BARR | |
| Appellant | No. 1526 EDA 2015 |

Appeal from the Judgment of Sentence April 22, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002845-2014

BEFORE: BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:    **FILED JANUARY 05, 2016**

Appellant John Thomas Barr appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following his stipulated bench trial convictions for driving under the influence ("DUI"), general impairment and DUI, highest rate of alcohol.[1]  We affirm.

On April 22, 2015, the trial court conducted a stipulated bench trial in which Appellant stipulated to the Commonwealth's evidence, specifically the affidavit of probable cause, the Pennsylvania Implied Consent Law ("DL-26") form, the chain of custody form, and the NMS[2] report.  The trial court convicted Appellant of the aforementioned crimes based on the affidavit of

_____

[1] 75 Pa.C.S. § 3802(a) and (c), respectively.

[2] NMS Labs is the company that tested Appellant's blood for alcohol.

probable cause that alleged Appellant operated a motor vehicle on September 3, 2013, while he was visibly intoxicated, and lab reports taken from blood withdrawn from Appellant less than an hour after he was driving, which revealed a blood alcohol ("BAC") of .243%. The trial court proceeded to sentence Appellant to seventy-two (72) hours to six (6) months' incarceration, plus a $1,000.00 fine for DUI, highest rate of alcohol.[3]

On May 21, 2015, Appellant timely filed a notice of appeal. On May 27, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on June 3, 2015.

Appellant raises the following issue for our review:

> WHETHER THE EVIDENCE WAS SUFFICIENT FOR THE TRIAL COURT TO CONVICT [APPELLANT] OF DRIVING UNDER THE INFLUENCE OF ALCOHOL PURSUANT TO 75 [Pa.C.S §] 3802(C)?

Appellant's Brief at 5.

Appellant argues that the Commonwealth failed to establish NMS Labs was a facility authorized to withdraw blood pursuant to the Pennsylvania Code and concludes there is insufficient evidence to convict him of DUI, highest rate of alcohol. We disagree.

---

[3] Appellant's DUI, general impairment conviction merged for sentencing purposes.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Here, Appellant waived his claim by filing a deficient concise statement of errors complained of on appeal.

Pennsylvania Rule of Appellate Procedure 1925 requires that an appellant "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues[.]" Pa.R.A.P. 1925(b)(4)(ii). "When a court has to guess what issues an appellant is

appealing, that is not enough for meaningful review." ***Commonwealth v. Allshouse***, 969 A.2d 1236, 1239 (Pa.Super.2009) (failure to adequately identify issues "impede[s]" trial court "in its preparation of a legal analysis which is pertinent to those issues."). Additionally, this Court has noted, "a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa.Super.2002), *appeal denied*, 827 A.2d 430 (Pa.2003) (citation omitted).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.Super.2013); ***see also Commonwealth v. Garang***, 9 A.3d 237, 244 (Pa.Super.2010). Failure of the concise statement to identify what specific elements the Commonwealth failed to prove at trial renders an appellant's sufficiency of the evidence claim waived for appellate review. ***Garland***, 63 A.3d at 344.

The trial court convicted Appellant of DUI, general impairment, and DUI, highest rate of alcohol, under the following statute:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> **(a) General impairment.--**

- 4 -

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

(2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

\* \* \*

**(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802.

Appellant's concise statement states, in its entirety: "Whether the evidence was insufficient to convict the Defendant?" This statement does not identify with specificity what element of his crimes the Commonwealth failed to establish. Thus, Appellant has waived his sufficiency claim.[4] *See Garland*, *supra*.

Judgment of sentence affirmed.

---

[4] Moreover, Appellant's sufficiency claim would merit no relief because he stipulated to the admission of the NMS report into evidence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016